BRAMPTON WOOLEN CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 24842.   Promulgated February 11, 1930.

*Harry A. Fellows, Esq.,* and *Henry M. Ward, Esq.,* for the petitioner.

*John D. Kiley, Esq.,* for the respondent.

1076

1078

OPINION.

TRAMMELL: The petitioner contends that it is entitled to deduct from gross income, in computing net income for 1918, $30,000 voted by the directors and paid to the officers on or about June 11, 1919, as a bonus or additional compensation for services performed during the year 1918.

It is unnecessary to consider or decide here whether said amount is an allowable deduction for 1919, since the latter year is not before us and the petitioner is not asserting any claim in the alternative or otherwise that said amount is allowable for 1919. The only question raised is whether or not the additional compensation is allowable as a deduction from income for 1918. Also, in the view we take of the matter, as indicated below, it is unnecessary to consider whether the additional salaries paid in 1919, together with the regular salaries paid in 1918, constitute reasonable compensation for the services rendered in 1918.

It is provided in section 234 (a) (1) of the Revenue Act of 1918, that in computing the net income of a corporation, there shall be allowed as deductions " all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or

business, including a reasonable allowance for salaries or other compensation for personal services actually rendered."

Thus, while the amount of the salary or other compensation may have been reasonable for the services actually rendered, it is not deductible in the taxable year unless it was either paid or liability therefor incurred in such year. *Van De Kamps Holland Dutch Bakers*, 2 B. T. A. 1247; *Green Oil Soap Co.*, 3 B. T. A. 467; *Kimball & Sherman Co.*, 3 B. T. A. 1092; *Gray Printing Co.*, 4 B. T. A. 1264.

The petitioner kept its books by the accrual method, and therefore only such amounts may be deducted as were definitely accrued or incurred in the taxable year.

The respondent contends that no legal liability was incurred in 1918 on the part of the corporation to pay the additional salaries involved and that the amount voted and paid in 1919 is not deductible from 1918 income. The petitioner's contention is that a liability was created in 1918 by the informal action of the directors, and that the amount is deductible as having been incurred in 1918.

We have repeatedly held that a corporation may be bound by the informal action of its board of directors, but in order for the corporation to be so bound, it must affirmatively appear that definite action was in fact taken. *Reub Isaacs & Co.*, 1 B. T. A. 45; *Mossman, Yarnelle & Co.*, 9 B. T. A. 45.

The evidence in the instant case discloses that it was the practice of the petitioner's directors during 1918 to meet informally, and that during that year many such meetings were held at which no resolutions were formally adopted or minutes recorded. At those meetings the matter of increasing the salaries of the officers was frequently discussed. Sam D. Lewis, president of the petitioner, testified as follows:

Q. Give us as nearly as you can what the substance of the discussion was in regard to the increasing of the salaries?

A. Finally we felt that we had perhaps better wait until the close of the year, as we had decided to have auditors to find out what would be a reasonable salary to charge in comparison with other plants, and that is the reason why it was not voted until after the end of the calendar year.

McCrillis, secretary and treasurer of the petitioner, testified that the matter was discussed at many informal meetings of the directors and it was decided that there should be a substantial increase in the salaries, but no rate of increase was fixed during the year 1918.

Brennan, another of the directors, testified:

Q. Was there any decision reached with regard to fixing the amount of salaries at any time in 1918?

A. No, I don't think so.

The evidence, in our opinion, is not sufficient to establish that any legal liability was incurred by the petitioner corporation during 1918

to pay the additional compensation in controversy, and since the amount was not accrued in 1918, it is not an allowable deduction from income for that year. *Gray Printing Co., supra.*

The second and remaining issue is whether or not respondent erred in refusing to allow depreciation on the petitioner's machinery at the rate of 15 per cent per annum. The amount or value of the machinery which forms the basis for computing the depreciation allowance is not in controversy, the only question being what rate is properly applicable for the tax year. In its return for 1918 the petitioner claimed a deduction for depreciation at the rate of 15 per cent, and the respondent allowed 5 per cent. Thereafter, as a result of conferences held, respondent modified his determination by increasing the rate allowed to 7½ per cent.

The petitioner contends in effect that the exhaustion, wear and tear of its machinery was accelerated during 1918, due in part to the necessity of employing inexperienced labor, but mainly due to the wide variation in voltage of the electrical power supply which was purchased from the local electric light company. The evidence relating to the labor situation does not in our opinion establish any accelerated depreciation. The situation with respect to the power supply resulted in irregular and improper operation of the machinery, and caused considerable breakage. However, the broken parts were promptly repaired or replaced and the machines continued in use. The evidence respecting the power supply and the conditions resulting therefrom does not establish, we think, that depreciation of the petitioner's machinery was accelerated. The evidence tends rather to show that the expense for repairs and maintenance was increased. This conclusion is further supported by the fact that a very substantial portion of the machinery purchased during the years from 1906 to 1910, and which was in use in 1918 under the conditions referred to, was still rendering satisfactory service at the date of the hearing in October, 1929. Other machines were discarded in 1926 and 1927, after 20 years or more of continuous service.

It is shown that during 1918 the petitioner's plant was operated approximately 15 per cent to 20 per cent overtime. If we assume from this fact that the depreciation was accelerated 20 per cent over normal, or in proportion to the overtime operation, we find, on the other hand, that the respondent increased the allowance for depreciation from 5 per cent to 7½ per cent, or an increase of 50 per cent of the normal rate.

Depreciation is a question of fact, and the burden is on the petitioner to show by a preponderance of the evidence that it is entitled to a larger deduction than that allowed by the respondent. We are

unable to conclude from the record before us that the petitioner is entitled to an increased allowance. Accordingly, the determination of the respondent is approved.

*Judgment will be entered for the respondent.*